UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 18-20668

vs.

HON. GEORGE CARAM STEEH

JUNIOR ASMAR, D-1,

Defendant.
_____________________________/

ORDER DENYING DEFENDANT'S RENEWED
MOTION FOR COMPASSIONATE RELEASE [ECF No. 80]

This mater is before the Court on defendant Junior Asmar's renewed motion for compassionate release from prison due to dangers posed by COVID-19 (ECF No. 80). Defendant's previous motion for compassionate release was denied on August 7, 2020 (ECF No. 75). At that time the Court observed that defendant's obesity and other medical conditions put him at increased risk should he be exposed to COVID-19. However, the Court concluded that defendant's request for compassionate release should be denied after engaging in an analysis of the § 3553(a) factors, including his history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment.

Among the factors that influenced the Court's decision to deny defendant's original motion was that there were zero confirmed inmate or staff COVID-19 cases at FCI Morgantown, though that was possibly due to a lack of widespread testing at that time. Defendant's renewed motion is based in part on a drastic increase in positive cases at his institution. Defendant refers to data showing that on December 3, 2020, FCI Morgantown had 72 inmates and 2 staff members with confirmed active cases of COVID-19 (ECF No. 80, PageID.1278). However, as of February 18, 2021, BOP's website reports that FCI Morgantown has only 1 inmate and 5 staff confirmed positive for COVID-19.[1] While cases of COVID-19 will likely continue to fluctuate, both inside and outside of prisons, the situation at FCI Morgantown is much less dire than it was when defendant filed his renewed motion.

As defendant next points out, his relevant health afflictions - obesity, borderline diabetes, and fluctuating blood pressure indicating hypertension - have not improved since he filed his previous motion. The Court previously concluded that defendant's medical conditions qualified as extraordinary and compelling reasons under § 3582(c)(1)(A). Section

[1] https://www.bop.gov/coronavirus/

3582(c)(1)(A) requires that upon finding extraordinary and compelling reasons for release, the Court must consider the § 3553(a) factors.

Defendant was sentenced to 60 months in prison. The court chose this sentence to reflect the seriousness of the offense, defendant's criminal history, and the need to promote respect for the law under § 3553(a). Defendant began serving his sentence on June 20, 2019 and has a projected release date of September 21, 2023. Defendant has now served 39% of his projected prison term and 33% of the Court's original sentence, and he has 31 months left to serve. In considering defendant's prior request for compassionate release, the Court concluded that granting such a drastic reduction of defendant's sentence would not deter him from future criminal behavior. Neither the fact that defendant has served six more months since that time, nor the fact that he has completed the RDAP program, constitute a change in circumstances sufficient to warrant early release in this case. While these are both positive factors, they do not change the analysis previously conducted by the Court. Releasing defendant after he has served less than two years of a five year sentence does not achieve the goal of deterring future criminal activity and would not appropriately reflect the seriousness of the crime committed.

For the reasons outlined above, defendant's renewed motion for compassionate release is DENIED.

Dated: February 19, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 19, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk